UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNTIED STATES OF AMERICA

-v-

MARTIN CONCEPCION,

Defendant.

19-CR-883 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Attached are the Court's DRAFT jury instructions that were sent to counsel on Thursday,

July 28, 2022 at 1:32 p.m.

SO ORDERED.

Dated: August 2, 2022
New York, New York

J. PAUL OETKEN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

MARTIN CONCEPCION,

                          Defendant.

19-CR-883 (JPO)

**JURY CHARGE**

**Table of Contents**

INTRODUCTORY INSTRUCTIONS ...................................................................................... 1

A.  Introductory Remarks and Role of the Court .................................................. 1

B.  Role of the Jury ............................................................................................... 2

C.  Role of Counsel ............................................................................................... 2

D.  All Persons Are Equal before the Law ........................................................... 3

E.  Presumption of Innocence ............................................................................... 3

F.  Proof Beyond a Reasonable Doubt ................................................................. 4

G.  Do Not Be Swayed by Sympathy or Prejudice ............................................... 5

H.      Defendant's Right Not to Testify [If Applicable] ...................................... 6

I.  What Is and Is Not Evidence ........................................................................... 6

J.  Direct and Circumstantial Evidence ............................................................... 8

K.  Stipulations ..................................................................................................... 8

L.  Summary Charts – Admitted as Evidence [If Applicable] .............................. 9

M.      Use of Evidence Obtained Pursuant to Searches and Seizures [If Applicable] .............. 9

N.  Rulings on Evidence and Objections ............................................................... 9

O.      Other Acts ................................................................................................. 10

P.  Witness Credibility ......................................................................................... 10

Q.  The Impeachment of Defendant – Previous Felonies [If Applicable] ............... 11

R.  Law Enforcement Witnesses ........................................................................... 12

S.  Cooperating Witness Testimony and [Immunized Witness Testimony/Non-Prosecution Agreement Witness Testimony] ........................................................................... 12

T.  Bias of Witnesses ............................................................................................ 13

U.  Persons Not on Trial ........................................................................................ 14

V.  Preparation of Witnesses ................................................................................. 14

W.  Uncalled Witnesses ......................................................................................... 15

X.  Particular Investigative Techniques Not Required .......................................... 15

SUBSTANTIVE INSTRUCTIONS ...................................................................................... 16

A.  Meaning of the Indictment .............................................................................. 16

B.  Count Two: Sex Trafficking a Minor .............................................................. 17

C.  Count One: Conspiracy to Commit Sex Trafficking of a Minor ...................... 25

D.  Count Three: Conspiracy to Use Facilities of Interstate Commerce to Promote a Prostitution Business ................................................................................................................ 28

E.  Venue .............................................................................................................. 34

FINAL INSTRUCTIONS ................................................................................................... 34

A.  Duty to Deliberate and Reach a Unanimous Verdict ...................................... 34

B.  Right to See Exhibits and Hear Testimony; Communications with Court .......... 36

C.  Notes .............................................................................................................. 36

D.  Verdict Form ................................................................................................... 37

E.  Duties of Foreperson ....................................................................................... 37

F.  Return of Verdict ............................................................................................ 37

G.   Jury Oath ..................................................................................................................... 37

CONCLUSION.................................................................................................................... 38

**INTRODUCTORY INSTRUCTIONS**

**A.  Introductory Remarks and Role of the Court**

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties.  We have reached the point where you are about to undertake your final function as jurors.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

My duty at this point is to instruct you as to the law.  There are three parts to these instructions.  First, I'm going to give you some general instructions about your role and about how you are to decide the facts of the case.  These instructions really would apply to just about any trial.  Second, I'll give you some specific instructions about the legal rules applicable to this particular case.  Third, I'll give you some final instructions about procedure.

It is your duty to accept these instructions of law and to apply them to the facts as you determine them.  With regard to legal matters, you must take the law as I give it to you.  If any attorney or witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You must not substitute your own notions or opinions of what the law is or ought to be.

Listening to these instructions may not be easy.  It is important, however, that you listen carefully and concentrate.  I ask you for patient cooperation and attention.  You'll notice that I'm reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So, it's critical that I use exactly the right words.

You'll have copies of what I'm reading in the jury room to consult, so don't worry if you

1

miss a word or two.  But for now, listen carefully and try to concentrate on what I'm saying. Remember, you are to consider these instructions together as a whole; you are not to isolate or give undue weight to any single instruction.

**B.  Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts.  You pass on the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my questions or any of my rulings on objections or anything else that I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.  Any opinion I might have regarding the facts is of absolutely no consequence.  It is *your* sworn duty, and you have taken the oath as jurors, to determine the facts.

**C.  Role of Counsel**

Just as I have my duties as a judge and you have your duties as jurors, it has been the duty of each attorney in this case to object when the other side offered testimony or other evidence that the attorney believed is not properly admissible.  It has been my job to rule on those objections.  Therefore, why an objection was made or how I ruled on it is not your business.  You should draw no inference from the bare fact that an attorney objects to any evidence.  Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

From time to time, the lawyers and I had conferences outside of your hearing.  These conferences involved procedural and other matters, and none of the events relating to these

conferences should enter into your deliberations at all.

To be clear, the personalities and the conduct of counsel in the courtroom are not in any way at issue.  If you formed reactions of any kind to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations.

**D.  All Persons Are Equal before the Law**

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States.  The fact that the Government is a party and the prosecution is brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to any other party.  By the same token, you must give it no less deference.  The Government and the Defendant stand on equal footing before you.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the Defendant's race, religion, national origin, gender, sexual orientation, or age.  All persons are entitled to the same presumption of innocence and the Government has the same burden of proof with respect to all persons.  Similarly, it would be improper for you to consider any personal feelings you have about the race, religion, national origin, gender, sexual orientation, or age of any other witness or anyone else involved in this case.  It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged or the laws which apply to this case to interfere with your decision-making process.

The Defendant is entitled to a trial free from prejudice, and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

**E.  Presumption of Innocence**

Now I will instruct you on the presumption of innocence.  The law presumes the Defendant to be innocent of all charges against them.  In this case, the Defendant before you has pleaded not guilty.  In so doing, he has denied the charges in the Indictment.  Thus, the Government has the burden of proving the Defendant's guilt beyond a reasonable doubt.

This burden never shifts to the Defendant.  In other words, the Defendant does not have to prove his innocence.  He is presumed to be innocent of the charges contained in the Indictment.  The Defendant thus began the trial here with a clean slate.  The presumption of innocence was in his favor when the trial began, continued in his favor throughout the entire trial, remains with him even as I speak to you now, and persists in his favor during the course of your deliberations in the jury room.

The Government must satisfy this burden of proof as to each and every element of the crimes charged.  The law does not impose upon a defendant in a criminal case the burden of calling any witnesses or producing any evidence.  The fact that one party called more witnesses and introduced more evidence does not mean that you should find in favor of that party.

The presumption of innocence is removed if and only if, as members of the jury, you are unanimously convinced that the Government has sustained its burden of proving the Defendant guilty beyond a reasonable doubt.

## F.  Proof Beyond a Reasonable Doubt

Now, the question naturally arises: what, exactly, is a reasonable doubt?  The words almost define themselves.  A reasonable doubt is a doubt that a reasonable person has after carefully weighing all the evidence.  It is a doubt founded in reason and arising out of the evidence in the case—or the lack of evidence.  Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, your common sense.  Proof beyond a reasonable doubt

4

must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

I must emphasize that beyond a *reasonable* doubt does not mean beyond all *possible* doubt. It is practically impossible for a person to be absolutely and completely convinced of any disputed fact that, by its very nature, cannot be proved with mathematical certainty. But if after a fair and impartial consideration of all the evidence (or the lack of evidence), you have an abiding belief of the Defendant's guilt beyond a reasonable doubt — a belief that you would be willing to act upon without hesitation in important matters in the personal affairs of your own life — then it is your sworn duty to convict the Defendant.

On the other hand, if after a fair and impartial consideration of all the evidence (and the lack of evidence), you are not satisfied of the guilt of the Defendant with respect to the charges in the Indictment; if you do not have an abiding conviction of the Defendant's guilt; in sum, if you have such a doubt as would cause you, as prudent persons, to hesitate before acting in matters of importance to yourselves—then you have a reasonable doubt, and in that circumstance it is your sworn duty to return a verdict of not guilty.

## G.  Do Not Be Swayed by Sympathy or Prejudice

In reaching that determination, your oath as jurors commands that you are not to be swayed by sympathy or prejudice. You are to be guided solely by the evidence in this case and you are to apply the law as I instruct you. As you sift through the evidence, you must ask yourselves whether the Government has proven the Defendant's guilt. Once you let fear or prejudice, or bias or sympathy, interfere with your thinking, there is a risk that you will not arrive at a true and just verdict. Thus, if you have a reasonable doubt as to the Defendant's guilt, then you must render a verdict of not guilty. But if you should find that the Government has met its

burden of proving the Defendant's guilt beyond a reasonable doubt, then you should not hesitate because of sympathy, or for any other reason, to render a verdict of guilty.

The question of possible punishment of the Defendant is of no concern to the jury and should not enter into or influence your deliberations.  The duty of imposing sentence in the event of a conviction rests exclusively upon the Court.

Similarly, it would be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.  Your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

## H.  Defendant's Right Not to Testify [If Applicable]

The Defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the Defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the Defendant.  A defendant is never required to prove that he is innocent.  You may not attach any significance to the fact that the Defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the Defendant in any way in your deliberations in the jury room.

## I.  What Is and Is Not Evidence

Now, I have repeatedly referred to the evidence in this case.  This raises an important question: what is evidence?  I instruct you that evidence consists of the sworn testimony of the witnesses, the exhibits received in evidence, and the stipulations of the parties.  In determining the facts, you must rely upon your own recollection of the evidence.

What, then, is *not* evidence?  I instruct you that the following does not count as evidence:

6

### 1.   Stricken or Excluded Testimony Is Not Evidence

*First*, testimony that I have stricken or excluded is not evidence.  You may not use it in rendering your verdict.  If certain testimony was received for a limited purpose, you must follow the limiting instructions I have given, and use the evidence only for the limited purpose I indicated.

### 2.   Exhibits Not Received into Evidence Are Not Evidence

*Second*, any exhibit that was not received into evidence is not evidence.  Thus, exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection or to question or impeach a witness.

### 3.   Redactions Are Not Evidence

*Third*, among the exhibits received in evidence there may have been some documents and recordings that are redacted.  Redacted means that part of the document or recording was taken out.  You are to concern yourself only with the item admitted into evidence. You should not consider any possible reason why the other part has been redacted.

### 4.   Arguments by Lawyers Are Not Evidence

*Fourth*, arguments by the lawyers are not evidence.  The reason is simple: advocates are not witnesses.  The opening and closing arguments of both sides explain how each side wants you to analyze the evidence.  What the lawyers have said to you is intended to help you understand the evidence—or the lack of evidence—as you deliberate to reach your verdict. However, if your recollection of the facts differs from the lawyers' opening statements, questions to witnesses, or summations, it is *your* recollection that controls, not theirs.  For the same reasons, you are not to consider a lawyer's or a party's questions as evidence.  Only the witnesses' answers are to be considered evidence, not the questions.

**5.  Statements of the Court Are Not Evidence**

*Finally*, any statements that I may have made do not constitute evidence.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

I will now discuss at slightly greater length some important matters related to evidence.

**J.  Direct and Circumstantial Evidence**

There are two types of evidence that you may properly consider in reaching your verdict.

One type of evidence is direct evidence.  Direct evidence is testimony by a witness about something he knows by virtue of his own senses – something he has seen, felt, touched, or heard.

The second type of evidence is circumstantial evidence.  Circumstantial evidence is evidence that tends to prove a disputed fact indirectly, by proof of other facts.  You infer on the basis of your reason, experience, and common sense from one fact that's established the existence or the nonexistence of some other fact.

Many material facts, such as someone's state of mind, are rarely easily proven by direct evidence.  Usually such facts are established by circumstantial evidence and the reasonable inferences that you draw.  Circumstantial evidence may be given as much weight as direct evidence.  The law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting a defendant, the jury must be satisfied that the Government has proven the Defendant's guilt beyond a reasonable doubt, based on all of the evidence in the case.

There are times when different inferences may be drawn from the evidence.  The Government asks you to draw one set of inferences.  The Defendant asks you to draw another.  It is for you, and for you alone, to decide what inferences you will draw.

**K.  Stipulations**

You have heard evidence in the form of stipulations.  A stipulation of testimony is an agreement between the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to decide what effect that testimony should be given.

You also heard evidence in the form of stipulations that contain certain facts that were agreed to be true.  In such cases, you must accept those facts as true.  However, it is for you to decide what weight, if any, to give to those facts.

## L.  Summary Charts – Admitted as Evidence [If Applicable]

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries.  You should consider them as you would any other evidence.

## M.  Use of Evidence Obtained Pursuant to Searches and Seizures [If Applicable]

You have heard testimony about evidence seized in connection with certain searches or seizures conducted by law enforcement officers, including of certain electronic devices.  Evidence obtained from these searches and seizures was properly admitted in this case and may be properly considered by you.  Such searches and seizures were lawful actions by law enforcement.  Whether you approve or disapprove of how evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is lawful.

## N.  Rulings on Evidence and Objections

As I have already explained, you should draw no inference or conclusion for or against any party by reason of lawyers making objections or my rulings on such objections.

By the same token, nothing I say is evidence.  If I commented on the evidence at any time, do not accept my statements in place of your recollection or your interpretation.  It is your

recollection and interpretation that govern.

Further, do not concern yourself with what was said at side-bar conferences or during my discussions with counsel.  Those discussions related to rulings of law.

At times I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up.  At times I asked a question myself.  Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought might be unclear.  You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine.  Nor should you infer that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you.  That is entirely your role.

**O.  Other Acts**

You have heard evidence that the Defendant engaged in conduct other than that charged in the Indictment.  Let me remind you that the Defendant is on trial only for the acts charged in the Indictment.  Accordingly, you may not consider this evidence as a substitute for proof that the Defendant committed the crimes charged.  Nor may you consider this evidence as proof that the Defendant has a criminal personality or bad character or that because the Defendant allegedly committed other acts, he must also have committed the acts charged in the Indictment.  This evidence was admitted for a more limited purpose, to establish the relationship between the witness and the Defendant. You may consider it for that purpose only.

**P.  Witness Credibility**

You have had the opportunity to observe the witnesses.  It will now be your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the

credibility of each witness and of the importance of his or her testimony.

To that end, I am going to give you a few general instructions on how you may determine whether witnesses are credible and reliable, whether witnesses told the truth at this trial, and whether they knew what they were talking about.

First, consider how well the witness was able to observe or hear what he or she testified about.  How did the witness's testimony impress you?  Did the witness appear to be testifying honestly and candidly?  Were the witness's answers direct or were they evasive?  Consider the witness's intelligence, demeanor, manner of testifying, and the strength and accuracy of the witness's recollection.  Consider whether any outside factors might have affected a witness's ability to perceive events.

Consider the substance of the testimony.  How does the witness's testimony compare with other proof in the case?  Is it corroborated or is it contradicted by other evidence?  If there is a conflict, does any version appear reliable, and if so, which version seems more reliable?

In passing upon the credibility of a witness, you may also consider any inconsistencies or contradictions as to material matters in his or her testimony.

If you find that a witness has testified falsely as to any material fact or if you find that a witness has been previously untruthful when testifying under oath or otherwise, you may reject that witness's testimony in its entirety or you may accept only those parts that you believe to be truthful or that are corroborated by other independent evidence in the case.

It is for you, the jury, and you alone to decide the credibility of witnesses who testified and the weight that their testimony deserves.

## Q.  The Impeachment of Defendant – Previous Felonies [If Applicable]

As I instructed you earlier, the Defendant in a criminal case never has any duty or obligation to testify or come forward with any evidence.  This is because the burden of proof beyond a reasonable doubt remains on the Government at all times, and the Defendant is presumed innocent.

In this case, the Defendant did testify, and he was subject to cross-examination, like any other witness.  You learned during his testimony that the Defendant was previously convicted of crimes.  These prior convictions were received into evidence simply to help you decide how much of his testimony to believe.  I want to caution you that you may not consider the Defendant's prior convictions in any way, other than for the purpose of helping you to decide how much of his testimony to believe and what weight, if any, to give it.

## R.  Law Enforcement Witnesses

You have heard the testimony of law enforcement officers and other government employees.  The fact that a witness may be employed by the federal Government or a state or city government as a law enforcement agent or employee does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

## S.  Cooperating Witness Testimony and [Immunized Witness Testimony/Non-Prosecution Agreement Witness Testimony]

You have heard from a witness who testified pursuant to a cooperation agreement with the Government.

You may properly consider the testimony of such a cooperating witness.  Indeed, the testimony of a cooperating witness may be sufficient evidence for a conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

It is also the case that cooperating witness testimony is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.  The fact that a witness is cooperating with the Government can be considered by you as bearing upon his credibility.  The weight to be given to the fact of the witness's cooperation is up to you.  It does not follow, however, that simply because a person has admitted to participating in one or more crimes, he is incapable of giving truthful testimony.  Like the testimony of any other witness, cooperating witness testimony should be given such weight as it deserves in light of the facts and circumstances before you.

You may consider whether a cooperating witness has an interest in the outcome of the case, and if so, whether that interest has affected his testimony.  A witness who hopes to obtain leniency may have a motive to testify as he believes the Government wishes, or he may feel that it is in his interest to incriminate others.  As with any witness, your responsibility is to determine whether any such motive or intent has influenced the witness's testimony, and whether the witness has told the truth, in whole or in part.

You also heard testimony that the cooperating witness pleaded guilty to charges arising out of some of the same facts as in this case after entering into an agreement with the Government.  You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the Defendant on trial from the fact that the cooperating witness pleaded guilty to these charges.  The decision of that witness to plead guilty was a personal decision the witness made about his own guilt.  It may not be used by you in any way as evidence against or unfavorable to the Defendant on trial here.

**T.  Bias of Witnesses**

In deciding whether to believe a witness, you should specifically note any evidence of

hostility or affection that the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party. You should also consider any evidence of any benefit that a witness may receive from the outcome of the case.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny. Of course, the mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth. You are not required to believe or disbelieve an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

## U.  Persons Not on Trial

During the trial, you heard the names of several other individuals mentioned in connection with this case. Some of those other individuals have been mentioned in connection with what the Government alleges was illegal activity.

I instruct you that you may not draw any inference, favorable or unfavorable, towards the Government or the Defendant from the fact that any other person is not on trial here. Further, you may not speculate as to the reasons why those other people are not on trial, or what became of them in the legal system. Those matters are wholly outside your concern and have no bearing on your duties as jurors in this case.

## V.  Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

## W. Uncalled Witnesses

There are several people whose names you have heard during the course of the trial but who did not appear here to testify.  You should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The burden remains with the Government to prove the guilt of the Defendant beyond a reasonable doubt.

## X.  Particular Investigative Techniques Not Required

You have heard reference, in the arguments and cross-examination of defense counsel in this case, to the fact that certain investigative techniques were or were not used by the Government.  There is no legal requirement, however, that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they

did not use other techniques.  The Government is not on trial.  Law enforcement techniques are

not your concern.  However, you are free to consider a lack of evidence in your determination of

whether the Government proved the charged crimes beyond a reasonable doubt.  Your concern is

to determine whether, on the evidence or lack of evidence, the Government has proven the

Defendant's guilt beyond a reasonable doubt.

Now I am going to turn to the substantive instructions.

SUBSTANTIVE INSTRUCTIONS

A.  Meaning of the Indictment

Let us first turn to the charges against the Defendant as contained in the Indictment.  The

Indictment is not evidence.  It is an accusation, a statement of the charges made against the

Defendant.  It gives the Defendant notice of the charges against them.  It informs the Court and

the public of the nature of the accusation.

A defendant begins trial with an absolutely clean slate and without any evidence against

him.  Remember that the charges in the Indictment are merely accusations.  What matters is the

evidence or lack of evidence that you heard and saw in the trial.

The Indictment in this case consists of three counts, or charges.  I will, at times, refer to

each count by the number assigned to it in the Indictment.  You should know that there is no

significance to the order of these numbers or the specific number of counts charged.

Each count is a separate offense or crime.  Each count must therefore be considered

separately by you and you must return a separate verdict of guilty or not guilty on each count.

Whether you find the Defendant guilty or not guilty as to one count should not affect your

verdict as to any other count charged.

Count One charges that, from at least in or about early October 2019, up to and including

16

in or about November 7, 2019, Martin Concepcion conspired with at least one other person to engage in sex trafficking of a minor, in violation of Title 18, United States Code, Section 1594(c).

Count Two charges that, from in or about early October 2019, up to and including on or about November 7, 2019, Martin Concepcion engaged in sex trafficking of a minor, identified as Minor Victim-1, in violation of Title 18, United States Code, Sections 1591(a)(1), (a)(2), (b)(2), (c), and 2.

Count Three charges that, from in or about early October 2019, up to and including on or about November 7, 2019, Martin Concepcion conspired to use facilities of interstate commerce to promote an unlawful prostitution business, in violation of Title 18, United States Code, Section 371.

You must consider each count of the Indictment separately, and you must return a separate, unanimous verdict as to each count. Whether you find the Defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

Because I think it will make my instructions somewhat easier to follow, I am going to begin by explaining Count Two, which charges the Defendant with the substantive crime of sex trafficking.

## B. Count Two: Sex Trafficking a Minor

### 1. Count Two: Prohibited Conduct (Element One)

There are two different ways for the Government to satisfy the first element. The first is by proving beyond a reasonable doubt that the Defendant knowingly engaged in one of the following acts: recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing, or soliciting the victim at issue. The second way is by proving beyond

17

a reasonable doubt that the Defendant knowingly took part in a venture that engaged in one of these trafficking activities and that the Defendant benefited, financially or by receiving a thing of value, from the venture.  The Government does not have to prove that the Defendant violated the statute both ways.

With respect to your consideration of whether the Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited the victim at issue, I instruct you to use the ordinary, everyday definitions of these terms.

"Recruit" means to seek to enroll.

"Entice" means to attract, induce, or lure using hope or desire.

"Harbor" means to give or afford shelter to, such as in a house or other place.

"Transport" means to take or convey from one place to another.

"Provide" means to furnish, supply, or make available.

"Obtain" means to gain possession of or acquire.

"Advertise" means to publicize.

 "Patronize" means to visit or obtain services in exchange for money.

"Solicit" means to seek out.

"Maintain" means to keep in an existing state or support.

The second, or alternative, way to prove the first element of sex trafficking is for the Government to show that there was a venture that engaged in recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing, or soliciting a person, that the defendant knowingly participated in some way in that venture, and that the Defendant knowingly benefitted, financially or by receiving anything of value, from that venture.

In considering whether the Defendant participated in such a venture, I instruct you that a venture is defined as "any group of two or more individuals associated in fact, whether or not as a legal entity." You may find that the Defendant participated in a venture prohibited by the sex trafficking law if the Defendant took part in that venture in any way. The Defendant may be, but need not be, responsible for forming that venture. Likewise, it is enough if the Defendant took some part in the venture for any period of time while the venture was still ongoing, even if the part he played was minor, and even if he was not related to the actual recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing, or soliciting of a person for commercial sex.

To benefit, financially or by receiving anything of value, from a venture, the Defendant must receive some form of profit, benefit, value, or advantage, no matter how minor or intangible, from the venture.

The Government must prove that the Defendant acted knowingly in either the prohibited trafficking activity or joining in a venture that engaged in a prohibited trafficking activity. An act is done "knowingly" if it is done deliberately and purposely; that is, the Defendant's actions must have been his conscious objective rather than a product of a mistake or accident, or mere negligence or some other innocent reason.

In deciding whether or not the first element of the sex trafficking statute has been satisfied, you need not all agree that the Government has proven the element the first way or the second way. Stated differently, you need not all agree the Defendant actually recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited a person, or also all agree that the Defendant participated in a venture that did one of those things and benefitted as a result. You need only agree that the Government has proven beyond a reasonable doubt that the Defendant did one or the other of those two alternatives that I described for you.

### 2. Count One: Age of Minor (Element Two)

The second element of Count Two requires the Government to prove beyond a reasonable doubt that the Defendant knew, or except as to the act of advertising, recklessly disregarded that the victim at issue was under the age of 18 and would be caused to engage in a commercial sex act.

In determining whether the Defendant knew that the victim was under the age of 18 and would be caused to engage in a commercial sex act, you should apply the definition of "knowingly" that I have previously explained to you.

The phrase "recklessly disregarded" means deliberate indifference to facts that, if considered and weighed in a reasonable manner, indicate the highest probability that another fact exists. For example, in order to prove beyond a reasonable doubt that the Defendant recklessly disregarded the fact that the victim was under 18 years of age, the Government must prove that the Defendant deliberately closed his eyes to what would otherwise have been obvious to him. No one can avoid responsibility for a crime by deliberately ignoring what is obvious. A finding

beyond a reasonable doubt of the intent of the Defendant to avoid knowledge or enlightenment would permit you to find that this element has been satisfied. Stated another way, a person's reckless disregard of a particular fact may be shown by proof of deliberate or intentional ignorance or deliberate or intentional blindness to the existence of that fact.

I instruct you, however, that if you determine that the Defendant only advertised the victim at issue, you must find that the Defendant acted knowingly – in other words, that he knew that the person he advertised was under the age of 18. For this means of violating the sex-trafficking statute, and for this means only, reckless disregard is insufficient.

Finally, if you find that the Defendant recruited enticed, harbored, transported, provided obtained, maintained, patronized, or solicited the victim at issue – but not if you find only that the Defendant benefited from participation in a venture that did such things or if you find only that the Defendant advertised the victim at issue – the Government may satisfy the knowledge element in a third way: by proving that the Defendant had a reasonable opportunity to observe the victim at issue. That is, if you find that the Defendant personally committed a trafficking act as to the victim at issue, the Government need not prove that the Defendant knew that the victim had not attained the age of 18 years so long as the Government proves that the Defendant had a reasonable opportunity to observe the victim. When considering whether the Defendant had a reasonable opportunity to observe a victim, you should use the ordinary, everyday definitions of these terms.

To be clear, however, if you find only that the Defendant benefited from participation in a venture that engaged in sex trafficking – not that he himself recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited the victim at

21

issue – a reasonable opportunity to observe the victim is not sufficient.  In that case, the Government must show that the Defendant had actual knowledge that the victim at issue was less than 18 years of age or, except to the act of advertising, recklessly disregarded the fact that the victim at issue was less than 18 years of age.

So to summarize, as to the victim's age, the Government can satisfy its burden of proof by proving beyond a reasonable doubt one of the following:

One, that the Defendant actually knew that the victim at issue was under the age of 18;

Two, except as to the act of advertising, that the Defendant was in reckless disregard of the fact that the victim at issue was under the age of 18; or

Three, if the Defendant himself recruited, enticed, harbored, transported, provided, obtained, maintained, patronized or solicited the victim at issue, but not if the Defendant only advertised the victim at issue, that the Defendant had a reasonable opportunity to observe the victim.

The second element of Count Two also requires the Government to prove beyond a reasonable doubt that the Defendant knew, or except as to the act of advertising, recklessly disregarded that the victim at issue would be caused to engage in a commercial sex act.

A commercial sex act is any sex act on account of which anything of value is given to or received by any person.  To find that this requirement is satisfied, you need not find that the victim actually performed a commercial sex act as long as the Government proved that the Defendant knew or, except as to the fact of advertising, recklessly disregarded that the victim would be caused to engage in a commercial sex act when he one, recruited, enticed, harbored,

transported, provided, obtained, maintained, patronized, or solicited the victim at issue; or two, participated in a venture that did so and benefited from it.

### 3. Count One: In or Affecting Interstate Commerce (Element Three)

To satisfy the third and final element of Count Two, the Government must prove beyond a reasonable doubt that the Defendant's sex-trafficking activities were in interstate or foreign commerce **or** affected interstate or foreign commerce.

The term "interstate commerce" means the movement of goods, services, money, and individuals from one state to another state.

The term "state" includes a state of the United States and the District of Columbia.

The term "foreign commerce" means the movement of goods, services, money, and individuals from one country to another country.

To satisfy this element, the Government must prove that the Defendant's conduct affected interstate or foreign commerce in any way, no matter how minimal. The Government need not prove that the Defendant was transported across a state line or foreign border. If you find beyond a reasonable doubt that the Defendant's recruitment, enticement, harboring, transportation, providing, obtaining, advertising, maintaining, patronizing, or soliciting of a person knowing that she would be caused to engage in commercial sex acts, or his participation in a venture that undertook such a trafficking act, was economic in nature and involved the crossing of state lines or a foreign border, or was economic in nature and otherwise affected the flow of money to any degree across state lines or a foreign border, however minimal, you may

find that the interstate or foreign commerce requirement of the offense of sex trafficking of a minor has been satisfied.

In determining whether the Defendant's conduct affected interstate or foreign commerce, you may consider whether the Defendant used means, instrumentalities, or facilities of interstate or foreign commerce. A facility of interstate or foreign commerce is a thing, tool, or twice that is involved in interstate or foreign commerce. Cell phones and the internet are both means, facilities, are instrumentalities of interstate or foreign commerce.  Finally, it is not necessary for the Government to prove that the defendant knew his conduct was in or affecting interstate or foreign commerce.

As I instructed you at the beginning of the trial, it is not relevant whether a minor victim was a willing participant in performing commercial sex acts.  Consent by a minor is not a defense to Count Two.

### 4.  Aiding and Abetting Liability

In connection with the substantive crime charged in Count Two, the Defendant also is charged with aiding and abetting the commission of this crime.  The Defendant therefore can be convicted either if he committed the crime himself, or if another person committed the crime and the Defendant aided and abetted that person to commit the crime.  "Aiding and abetting" means that the Defendant unlawfully, knowingly, and intentionally associated himself in some way with the crime, and that he unlawfully, knowingly, and intentionally sought by some act to help make the crime succeed.  The mere presence of a defendant where a crime is being committed, even coupled with his knowledge that a crime is being committed, is not sufficient to establish aiding

and abetting.  An aider and abettor must have some interest in the criminal venture and must take some action to assist or encourage the commission of the crime.

To determine whether the Defendant aided or abetted the commission of a given crime you are considering, you should ask yourself these questions:  Did the Defendant intentionally associate himself with the criminal venture?  Did the Defendant take one or more steps in furtherance of the criminal venture?  Did he seek by his actions to make the criminal venture succeed?  In other words, you may find the Defendant guilty of the offense charged in Count Two if you find beyond a reasonable doubt that the Government has proven that another person actually committed the offense with which the Defendant is charged, and that the Defendant aided, abetted, counseled, commanded, induced, or procured that person to commit the crime.

## C.  Count One: Conspiracy to Commit Sex Trafficking of a Minor

Now I will go back to Count One.  Count One, I remind you, charges the Defendant with knowingly and willfully participating in a conspiracy from about early October 2019 up to and including on or about November 7, 2019, to commit the crime of sex trafficking a minor.

In order to meet its burden of proving that the Defendant is guilty of the sex-trafficking conspiracy charged in Count One of the Indictment, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged — that is, the existence of an agreement or understanding to violate the laws of the United States that make it a crime to commit sex trafficking; and

Second, that the Defendant knowingly and willfully became a member of the conspiracy.

25

1.   **Count One: Existence of the Conspiracy (Element One)**

The first element that the Government must prove beyond a reasonable doubt, to establish the offense of conspiracy, is the existence of a conspiracy. What is a conspiracy? A conspiracy is a kind of criminal partnership -- an agreement between two or more persons to join together to accomplish some unlawful purpose. As I mentioned just a moment ago, in this case, the unlawful purpose alleged to have been the object of the conspiracy was the substantive crime of sex trafficking; that is, the crime charged in Count Two. In that regard, you may consider the instructions I have just given you on those.

The conspiracy offense charged in Count One, however, is an entirely separate and different offense from the substantive crime charged in Count Two.  Indeed, you may find a defendant guilty of the crime of conspiracy, even if you find that the substantive crime which was the object of the conspiracy was never actually committed.  Of course, if a defendant participates in a conspiracy and the crime or crimes that were the object of the conspiracy were in fact committed, a defendant may be guilty of both the conspiracy and the substantive crime. The point simply is that the crime or crimes that were the object of the conspiracy need not have been actually committed for a conspiracy to exist.

To show a conspiracy, the Government is not required to show that two or more persons sat around a table or entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details.  Common sense tells you that when people agree to enter a criminal conspiracy, much is left to an unexpressed understanding. Instead, the evidence must show that two or more persons, in some way or manner, either

explicitly or implicitly, came to an understanding to violate the law and to accomplish an unlawful plan.

In determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions of all of the alleged coconspirators that were taken to carry out the apparent criminal purpose.

### 2. Count One: Membership in the Conspiracy (Element Two)

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in the Indictment existed, then you must next determine the second question: Whether the Defendant participated in the conspiracy with knowledge of its unlawful purpose, and in furtherance of its unlawful objective or objectives.

The Government must prove beyond a reasonable doubt that the Defendant knowingly and intentionally entered into the conspiracy with a criminal intent — that is, with a purpose to violate the law — and that the Defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objective or objectives.  I will now define "intentionally" and "knowingly."

As to this element, the terms "intentionally" and "knowingly" mean that you must be satisfied beyond a reasonable doubt that in joining the conspiracy (if you find that the Defendant did join the conspiracy), the Defendant knew what he was doing – that he took the actions in question deliberately and voluntarily.

It is not necessary for the Government to show that the Defendant was fully aware of every detail of the conspiracy.  Nor is it necessary for the Defendant to know every other member of the conspiracy.  It is enough if he participated in the conspiracy intentionally and knowingly, as I have defined those terms.

27

In addition, the duration and extent of the Defendant's participation has no bearing on the issue of his guilt. He need not have joined the conspiracy at outset. The Defendant may have joined it for any purpose at any time in its progress, and he will be held responsible for all that was done before he joined, and all that was done during the conspiracy's existence while he was a member. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles while others play minor roles in the scheme. An equal role is not what the law requires.

However, I want to caution you that a person's mere association with a member of the conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place. A person may know, be friendly with, or be related to a conspirator without being a member of the conspiracy. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make that defendant a member. More is required under the law: The Defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

### D.  Count Three: Conspiracy to Use Facilities of Interstate Commerce to Promote a Prostitution Business

Count Three charges the Defendant with participating in a conspiracy, from in or about early October 2019, up to and including on or about November 7, 2019, to use facilities of interstate commerce to promote an unlawful prostitution business, in violation of Title 18, United States Code, Section 371.

To prove the defendant guilty of this conspiracy count, the Government must prove each of the following three elements beyond a reasonable doubt:

First, the existence of the conspiracy charged.  That is, the existence of an agreement or understanding to violate the laws of the United States that make it a crime to use facilities of interstate commerce, including cellphones and the Internet, to promote a prostitution business or sex trafficking;

Second, that the Defendant knowingly and intentionally became a member of the conspiracy; and

Third, that at least one of the members of the conspiracy — not necessarily the Defendant, but any member of the conspiracy — knowingly committed at least one overt act in furtherance of the conspiracy during the life of the conspiracy.

The first two elements of the crime of conspiracy charged in Count Three are the same as the elements of the crime of conspiracy charged in Count One — that is, an agreement or understanding to violate certain laws of the United States and that the Defendant knowingly and intentionally became a member of the conspiracy.  And, in discussing Count One, I instructed you on the meaning of conspiracy and the definitions of knowingly and willfully, and you should apply those definitions here.  I will now explain the charged object of the conspiracy and the third element of this Count, the overt act requirement.

### 1.  Count Three: Object of the Conspiracy

The alleged object of the conspiracy charged in Count Three was to violate Section 1952(a)(3) of Title 18 of the United States Code, which is the Travel Act.  The Travel Act makes it a federal crime for anyone to use telephones or the internet for the purpose of carrying on certain unlawful activities.  Specifically, the law provides that whoever travels in interstate and foreign commerce or uses or causes the use of any facility in interstate commerce with the intent

to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on of any unlawful activity, and thereafter perform or attempt to perform any of these acts is guilty of a crime.  Here, the alleged unlawful activity is conspiracy to commit sex trafficking and sex trafficking of a minor.

The Defendant is only charged with conspiracy to violate the Travel Act.  The Defendant in this case is not charged with a substantive violation of the Travel Act, and therefore, the Government is not required to prove the elements of a Travel Act violation that I am about to discuss.  It is only required to prove that the Defendant conspired to violate the Travel Act, and that an overt act was taken in furtherance of that conspiracy.  With that in mind, a substantive violation of the Travel Act would have to satisfy the following three elements:

First, that the Defendant used or caused someone else to use an interstate facility, such as a telephone or the Internet.  Any use of the telephone system or the Internet constitutes a use of an interstate facility whether or not the call or the Internet transaction crossed state lines.

Second, that this use of an interstate facility was done with the intent to promote, manage, establish, and carry on an unlawful activity.

And third, that after this use of an interstate facility, the defendant performed or attempted to perform an act in furtherance of this same unlawful activity.

## 2.   Count Three: Object of the Conspiracy

As I just mentioned, the first element of a substantive violation of the Travel Act is use of an interstate facility, such as the telephone or the Internet.  A defendant himself need not have been the one who used a telephone or the Internet.  It is enough if a defendant caused someone

else to use the telephone or the Internet.  It is not necessary to show that a defendant knew that the use of a telephone or the Internet would occur or that a defendant intended to use a telephone or the Internet.  All that would matter is that the Defendant did in fact use a telephone or the Internet or caused someone else to use a telephone or the Internet.

The second element of a substantive violation of the Travel Act is that the use of a telephone or the Internet was done with the intent to promote, manage, establish, or carry on an unlawful activity.  The "unlawful activity" alleged in this case for purposes of Count Three are (1) first, violations of the federal laws that make it a crime to commit sex trafficking or to conspire to commit sex trafficking, and (2) second, violations of New York state penal laws that make prostitution and the promotion of prostitution crimes.  In other words, this element would require the Government to prove that a defendant used the phone or the Internet for the purpose of facilitating a violation of these federal or state laws.

I have already instructed you on the federal laws that make it a crime to commit sex trafficking or to conspire to commit sex trafficking.  As for the New York state penal laws, the Government alleges that it was an object of the conspiracy in this case to use the phone or the internet to promote, manage, establish, or carry on a criminal business enterprise engaged in prostitution and promoting prostitution in violation of New York Penal Law Sections 230.20, 230.30, and 230.34-a.

New York Penal Law Section 230.20 makes it a crime in New York for an individual to knowingly advance or profit from prostitution.  New York Penal Law Section 230.30 makes it a crime in New York for an individual to knowingly advance prostitution or profit from prostitution of a person less than eighteen years old.  New York Penal Law Section 230.34-a

makes it a crime in New York for a person 21 years old or older to intentionally advance or profit from prostitution of another person who is less than eighteen years old. For that crime, knowledge by the Defendant of the age of the victim is not an element of the offense and it is not a defense for the Defendant to say that he did not know the age of the victim or that he believed that the victim was 18 years old or older.

For this second element, the Government does not have to prove that the furtherance of the unlawful activity was a defendant's sole purpose in using the phone or Internet. It is sufficient for the Government to prove that one of the Defendant's reasons for using the phone or the Internet was to further the unlawful activity. The Government, however, has to prove that the unlawful activity was part of a continuous course of criminal conduct and not simply an isolated incident. To prove that the unlawful activity was part of a continuous course of criminal conduct, the Government does not have to show that the alleged unlawful activity was engaged in for a particular length of time or that such activity was the Defendant's primary pursuit or occupation, or that the unlawful activity actually turned a profit. Rather, the Government has to prove that a defendant was engaged in a continuous course of criminal conduct for the purpose of profit rather than casual, sporadic, or isolated criminal activity.

Finally, as I mentioned, the third element for a substantive violation of the Travel Act is that after the use of the telephone or the Internet, the Defendant performed or attempted to perform an act in furtherance of the unlawful activity. In this case, that would be an act in furtherance of a violation of New York's laws against promoting prostitution or prostitution or the federal laws against sex trafficking. The act itself need not be unlawful. The act, however, must come after the use of the phone or the Internet. Any act that happened before the use of a phone or the Internet cannot satisfy this element.

### 3. Count Three: Overt Act (Third Element)

The first two elements of this count, as I already said, are (1) the existence of a conspiracy, and (2) the Defendant's membership in the conspiracy. The third and final element that the Government must prove beyond a reasonable doubt, to establish the offense of conspiracy, is that at least one overt act was knowingly committed by at least one of the conspirators — not necessarily the defendant — in furtherance of the conspiracy.

The purpose of the overt act requirement is clear. There must have been something more than mere agreement, some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy. With respect to this overt act requirement, Count Three of the Indictment lists the following overt acts: (1) in or about October 2019, the Defendant and others "took photographs of Minor Victim-1 for the purpose of promoting Minor Victim-1's prostitution in the Bronx, New York"; and (2) in or about October 2019, the Defendant and others "caused those photographs to be used in commercial sex advertisements that were posted on the internet for the purpose of promoting Minor Victim-1's prostitution in the Bronx, New York."

You may find that those overt acts were committed. Or you may find that other overt acts were committed. The only requirement is that one of the members of the conspiracy — not necessarily the defendant — has taken some step or action in furtherance of the conspiracy in the Southern District of New York, during the life of the conspiracy.

In order for the Government to satisfy this element, it is not required that the overt acts alleged in the Indictment be proven. It is sufficient for the Government to show that one of the alleged coconspirators knowingly committed an overt act in furtherance of the conspiracy. You

33

are further instructed that the overt act need not have been committed at precisely the time alleged in the Indictment.  It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated.

**E.  Venue**

In addition to all of the elements I have described, you must also consider the issue of venue.  The Government must establish what is called venue, which means that some act in furtherance of the crime occurred in the Southern District of New York, and it was reasonably foreseeable to the Defendant that the act would take place in the Southern District of New York.  The Southern District of New York includes Manhattan, and the Bronx, and Westchester, Dutchess, Putnam, Orange, Sullivan, and Rockland counties.

Thus, with respect to Counts One through Three, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime charged occurred within this District.

I should note that on this issue – and this issue alone – the Government need not prove venue beyond a reasonable doubt, but only by a preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that that any act in furtherance of the crimes charged occurred in the Southern District of New York.  On every other issue, as I have said, the Government's burden of proof is beyond a reasonable doubt.

**FINAL INSTRUCTIONS**

**A.     Duty to Deliberate and Reach a Unanimous Verdict**

You will now retire to the jury room to decide the case.  Your function is to weigh the evidence in this case and to determine the guilt or lack of guilt of the Defendant with respect to

the charges in the Indictment.  You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

Your verdict must be unanimous.  That means that each and every one of you must agree upon your verdict.  Each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors.  This is the very essence of jury deliberation.  It is your duty to consult with one another and to deliberate with a view to reaching an agreement.  If you start with one point of view, but after reasoning with other jurors it appears that your own judgment is open to question, then of course you should not hesitate in yielding your original point of view if you are convinced that the opposite point of view is one that truly satisfies your judgment and conscience.  But you are not to surrender a view of the case that you conscientiously believe, merely because you are outnumbered or because other jurors appear firmly committed to their views.  You should vote with the others only if you are convinced on the evidence, the facts, and the law that it is the correct way to decide the case.

In sum, you, the jury, must deliberate as a body, but each of you, as an individual juror, must discuss and weigh your opinions dispassionately, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

I instruct you that you are not to discuss the case unless all jurors are present.  Four or five or ten or eleven jurors together are only a gathering of individuals.  Only when all jurors are present do you constitute a jury and only then may you deliberate.

Remember at all times, you are not partisans.  You are judges of the facts.  Your sole interest is impartially to assess the evidence to determine whether the Government has met its

35

burden of proving guilt beyond a reasonable doubt as to each of the charges.

If you are divided, do <u>not</u> report how the vote stands.  Simply state that you are divided.
If you have reached a verdict, do <u>not</u> report what it is until you are asked in open court.  Simply
inform me that you have reached a verdict.

**B.      Right to See Exhibits and Hear Testimony; Communications with Court**

The exhibits that were received into evidence will be provided to you in the jury room.

If you want any of the testimony to review, you may also request that.  Please remember
that it is not always easy to locate what you might want, so be as specific as you possibly can in
requesting portions of the testimony.  If you want any further explanation of the law as I have
explained it to you, you may also request that.

Your requests for testimony — in fact any communications with the Court — should be
made to me in writing, signed by your foreperson, and given to the Marshal or the deputy clerk.
In any event, do not tell me or anyone else how the jury stands on any issue until there is a
unanimous verdict.

**C.      Notes**

If you took notes during the trial, those notes are only an aid to recollection — they are
not evidence, nor are they a substitute for your recollection of the evidence in the case.  Your
notes are not entitled to any greater weight than your actual recollection or the impression of
each juror as to what the evidence actually is.  If you took notes, you should not show your notes
to any other juror during your deliberations; they are only for yourself.

If you did not take notes during the trial, you should not be influenced by the notes of
another juror, but instead you should rely upon your own recollection of the evidence.  The fact
that a particular juror has taken notes does not entitle that juror's views to any greater weight.

**D.     Verdict Form**

I have prepared a verdict form for you to use in recording your decision.  Please use that form to report your verdict.

**E.     Duties of Foreperson**

At the beginning of deliberations, you must choose a foreperson.  The foreperson does not have any more power or authority than any other juror, and his or her vote or opinion does not count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the Court.  He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the Marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

**F.     Return of Verdict**

After you have reached a unanimous verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the marshal outside your door that you are ready to return to the courtroom.

Again, each of you must be in agreement with the verdict that is announced in Court. Once your verdict is announced in open court and officially recorded, it cannot ordinarily be revoked.

**G.     Jury Oath**

You are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy, solely upon the evidence in the case and the applicable law.

I am sure that if you follow your oath, listen to the views of your fellow jurors, and apply your own common sense, you will reach a fair verdict here.  Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

## CONCLUSION

Before you retire into the jury room I must inform you that the law provides for a jury of twelve people in this case.  Therefore, two people — Jurors number 13 and 14 — are alternates. You will be allowed to leave the courthouse during deliberations, but you are not yet excused as jurors in the case.  In the event that one of the non-alternate jurors can no longer deliberate, you will be recalled to continue your service, so I am releasing you for now but I am not excusing you from jury service yet.  For now, though, you may leave.  You have been very attentive and very patient.  I am sorry that you will in all likelihood miss the experience of deliberating with the jury but the law provides for a jury of twelve people in this case.  Before the rest of the jury retires to the jury room, if you have any clothing or objects there you are asked to pick them up and to withdraw before any deliberations start.

Please do not discuss the case with anyone over the next few days.  If you would like to be advised of the outcome of the trial, please make sure that Mr. Hampton has a phone number at which you can be reached.

(Alternates released)

Members of the jury, you may now retire to deliberate.

(Marshal sworn)